NOT DESIGNATED FOR PUBLICATION

Nos. 127,129
127,130
127,131
IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHEBA LOVE LENORE GIDDENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed March 14, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before COBLE, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Sheba Love Lenore Giddens appeals the district court's decision to revoke her probation in three cases following her admission to several probation violations, including her continued use of drugs. We granted Giddens' motion for summary disposition under Supreme Court Rule 7.014A (2024 Kan. S. Ct. R. at 48) in lieu of briefs. Finding no error, we affirm.

In cases 20 CR 772 and 20 CR 1104, Giddens pleaded guilty to violating the Kansas Offender Registration Act (KORA) and to possessing methamphetamine for crimes committed in August and October 2020. The district court placed Giddens on probation for 12 months with an underlying prison sentence of 50 months. During the

1

course of her probation, the State filed additional charges against Giddens in case 21 CR 424, which resulted in another conviction for possession of methamphetamine. Giddens was granted 12 months' probation, with an underlying prison sentence of 20 months which the court ordered to be served consecutively to her other cases, for a total underlying prison term of 70 months.

The State later moved to revoke Giddens' probation, and in February 2023 she stipulated to the violations. The district court revoked and reinstated her probation for another 18 months and ordered her to serve a 60-day jail sanction.

About six months later, the State again moved to revoke Giddens' probation. Giddens stipulated to violating the terms of her probation by failing to report, failing to submit to drug tests, failing to attend drug treatment, and using drugs. In requesting a reinstatement of probation, Giddens admitted to falling into drug usage again to cope with a difficult situation and explained she was the sole provider for her five daughters, two of whom she was attempting to get off the streets and off drugs. Giddens informed the court that she maintained employment through Express Employment, which contracted her to work with Simpson Construction at $15 per hour. John Waggy from Simpson Construction testified favorably for Giddens, stating that she was a good employee who arrived on time every day and that he would hire her again if he could.

The district court noted that Giddens was on probation for three separate cases, with two previous opportunities at probation and a 60-day jail sanction. It further noted that her attitude during the hearing demonstrated she was not amenable to reinstatement. The district court revoked Giddens' probation and ordered her to serve the underlying 70-month prison sentence.

Giddens timely brings her case to us for a determination of whether the district court abused its discretion in revoking her probation or, at the very least, refusing to modify her underlying prison term.

It is Giddens' position that the district court's decision was unreasonable because it failed to properly consider the challenges she faced with her daughters, the impact revocation would have on her role as the sole provider for her children, and her exemplary employment record.

K.S.A. 22-3716 outlines the procedure district courts should follow in probation revocation proceedings. Generally, once the State has presented evidence of a violation of the conditions of probation, the decision to revoke probation rests within the district court's sound discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing such abuse occurred. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

It is undisputed that Giddens violated her probation by failing to report, failing to submit to drug tests or complete treatment, and continuing to use drugs. Giddens does not direct us to any factual or legal error which allegedly taints the district court's decision. Rather, she challenges the reasonableness of its decision. Giddens was on probation due, in part, to two drug convictions, one of which was acquired while she was already on probation for drug possession. Probation is designed to assist offenders with rehabilitation and the reformation of the behaviors that led to their involvement with the criminal justice system. Unfortunately, the record reflects that Giddens did not adhere to the rules she agreed to follow when entering into probation and rejected the resources required to shift her behavior away from the drug lifestyle. Neither the positive steps

3

Giddens made with her employment, nor her parenting challenges are lost on us. The greater concern is her drug dependency, the variety of negative effects it produces, including additional legal ramifications, and Giddens' inability or refusal to take the steps necessary to break the hold it has on her. The district court afforded Giddens leniency until she demonstrated that her situation necessitated more stringent consequences. Given the facts and circumstances of this case, neither the refusal to reinstate Giddens' probation nor modify her underlying prison term can be classified as unreasonable, and we decline to find they are decisions with which no reasonable person would agree. Accordingly, we uphold the district court's decision to impose Giddens' underlying 70-month prison term following the revocation of her probation.

Affirmed.